UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| E. WARD SUDDERTH, MD | * | CASE NO. 22-1358 |
|---|---|---|
| vs. | * | SECT. H(5) |
| NATIONAL FLOOD INSURANCE PROGRAM, ET AL. | * | JUDGE MILAZZO |
| | * | MAG. NORTH |

**DEFENDANTS' ANSWER and AFFIRMATIVE DEFENSES**

**NOW INTO COURT,** through the undersigned Assistant United States Attorney, come defendants, the National Flood Insurance Program, Federal Emergency Management Agency, and Department of Homeland Security (collectively "FEMA"), and respectfully submit their answer and affirmative defenses to plaintiff, E. Ward Sudderth, M.D.'s, complaint for damages. Rec. Doc. 2.

ANSWER

1–7.

The allegations in paragraphs one through seven contain conclusions of law to which no answer is required. To the extent an answer is required, the allegations are denied.

8–9.

The allegations in paragraphs eight and nine are admitted.

10–11.

The allegations in paragraphs ten and 11 contain conclusions of law to which no answer is required. To the extent an answer is required, the allegations are denied.

12.

The allegations in paragraph 12 are denied, except to admit that the Standard Flood Insurance Policy (SFIP) is contained in 44 C.F.R. Part 61, App. A(1), and that Sudderth had flood policy RL1007896 insuring 2809 Hermitage Rd., Port Sulphur, Louisiana, 70083.

13.

The allegations in paragraph 13 are denied.

14.

The allegations in paragraph 14 are denied, except to admit that Sudderth's property flooded with approximately two feet of water as a result of Hurricane Laura.

15.

The allegations in paragraph 15 are admitted.

16.

The allegations in paragraph 16 are denied, except to admit that FEMA sent an adjuster to Sudderth's property.

17.

The allegations in paragraph 17 are denied for lack of knowledge sufficient to justify a belief therein, except to admit that Sudderth submitted a proof of loss to FEMA after Hurricane Laura.

18.

The allegations in paragraph 18 are denied.

19.

The allegations in paragraph 19 are denied, except to admit that FEMA issued a letter denying in part Sudderth's claim, citing failure to repair or replace certain items that were previously paid under a prior claim.

20.

The allegations in paragraph 20 are denied.

21–22.

The allegations in paragraphs 21 and 22 are denied for lack of knowledge sufficient to justify a belief therein.

23–25.

The allegations in paragraphs 23 through 25 are denied, except to admit that Hurricane Ida came ashore in Louisiana on August 29, 2021, and that Sudderth filed a claim on his SFIP thereafter.

26 (first).

The allegations in the first paragraph 26 are denied, except to admit that an adjuster reviewed Sudderth's claim for loss after Hurricane Ida.

26 (second).

The allegations in paragraph 26 are denied, except to admit that FEMA correspondence indicates that Sudderth submitted a proof of loss on February 20, 2022.

27.

The allegations in paragraph 27 are denied for lack of knowledge sufficient to justify a belief therein.

28–29.

The allegations in paragraphs 28 and 29 are denied.

30.

The allegations in paragraph 30 are denied for lack of knowledge sufficient to justify a belief therein.

31.

The allegations in paragraph 31 are denied.

32–33.

The allegations in paragraphs 32 and 33 are denied.

34.

FEMA repeats its answers to paragraphs one through 33.

35–36.

The allegations in paragraphs 35 and 36 are admitted.

37.

The allegations in paragraph 37 are denied for lack of knowledge sufficient to justify a belief therein.

38–39.

The allegations in paragraphs 38 and 39 are denied, except to admit that Sudderth made claims for flood damages occurring to his insured property on August 28, 2020, and August 29, 2021.

40–42.

The allegations in paragraphs 40 through 42 contain conclusions of law to which no answer is required. To the extent an answer is required, the allegations are denied.

The allegations in the prayer for relief are denied.

## AFFIRMATIVE DEFENSES

1.

The National Flood Insurance Program, Department of Homeland Security, and FEMA are improper defendants to an action filed under the National Flood Insurance Act, 42 U.S.C. § 4072. The only proper defendant is the Administrator of FEMA acting in her official capacity. *Id*.

2.

Sudderth failed to strictly comply with all the terms and conditions of his SFIP, all of which are preconditions to filing a lawsuit.

3.

Sudderth's SFIP only covers direct losses by or from flood.

4.

Sovereign immunity prohibits the relief requested by Sudderth. The limited waiver of sovereign immunity at 42 U.S.C. § 4072 does not provide for costs, interest, penalties, or attorney's fees.

5.

No part, provision, or requirement of Sudderth's SFIP can be waived by anyone other than the Federal Insurance Administrator and any such waivers must be express and in writing. *See* 44 C.F.R. § 61.13(d) and 44 C.F.R. Part 61, Appx. A(1), Art. VII(D).

6.

The SFIP does not cover proposed or actual repairs that exceed the scope of damages caused by the flood.

7.

If Sudderth has made repairs to the property, then the measure of damages for any additional amounts owed are the receipts for the actual amounts incurred in making repairs, not estimates.

8.

Incidental damages, consequential damages, and personal damages are not recoverable. *See* SFIP Section V(A)(1)-(7).

9.

FEMA asserts a right to a credit for any claims payments that have already been made and which may be paid during the pendency of this action, but prior to final judgment.

10.

Sudderth's SFIP is a single-risk policy that only pays for "direct physical loss by or from flood" subject to the applicable terms, exclusions and limitations of the policy, the applicable federal laws and regulations, the coverage limits purchased, and applicable deductibles for each type of coverage purchased.

11.

Sudderth's SFIP is not a valued policy.

12.

Only federal constitutional, regulatory, and statutory law applies to Sudderth's claims. Any claims outside of the breach-of-contract action including, but not limited to: laws regarding extra-contractual claims, misrepresentation, consequential damages, punitive damages, exemplary damages, claims payments, claims handling, and other tort-based claims are excluded. Federal law

controls the operations of the NFIP, the SFIP, claims and claims handling matters. *See* 44 C.F.R. § 61, Appendix A(2), Article IX.

13.

Any additional claims payments to Sudderth must be issued in accordance with the provisions of SFIP Sections VII(M), (Q) and (V), and all subparts thereto

14.

Sudderth must document the items of damages for which he seeks recovery as required by SFIP section VII(J) and (K).

15.

FEMA invokes and demands that Sudderth supply the information required by SFIP Section VII(K)(2) in support of this lawsuit.

16.

Sudderth may not recover more than the purchased coverage limits or the amounts claimed in a timely and compliant proof of loss.

17.

If Sudderth's SFIP claims dispute reaches a point where it is established that there is: (1) full and complete compliance with all conditions precedent to the making of a claim; and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then FEMA reserves the right to invoke the Appraisal provision of SFIP Section VII(P). 44 C.F.R. Part. 61, Appx. A(1), Art. VII(P).

18.

Sudderth is not entitled to recover for building damage or contents in his August 28, 2020 or August 29, 2021 claims if that same building damage and contents were previously damaged by floodwater and paid for, but not replaced, after one of his prior flood claims.

19.

Sudderth was unable to prove through sufficient documentation that he had repaired all building damage and replaced all damaged contents previously paid for after a prior flood claims.

WHEREFORE, FEMA prays that the Court deem this answer sufficient and that, after due proceedings, it enter a final judgment dismissing Sudderth's complaint with prejudice at his cost, and for any further relief the Court deems just and proper.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*Peter M. Mansfield*
PETER M. MANSFIELD (# 28671)
Assistant United States Attorney
Chief, Civil Division
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone: (504) 680-3047
Facsimile: (504) 680-3184
Peter.Mansfield@usdoj.gov