UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| E. WARD SUDDERTH, MD | * | CASE NO. 22-1358 |
| vs. | * | SECT. H(5) |
| NATIONAL FLOOD INSURANCE PROGRAM, ET AL. | * | JUDGE MILAZZO |
| | * | MAG. NORTH |

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO AMEND

**I.   Introduction and summary of the argument**

**MAY IT PLEASE THE COURT:** Defendants, the National Flood Insurance Program, Federal Emergency Management Agency, and Department of Homeland Security (collectively "FEMA"), seek leave to amend their answer and affirmative defenses in this suit seeking additional flood-insurance payments for building and contents losses from Hurricanes Laura and Ida. The balance of the factors under FED. R. CIV. P. 16(b)(4) favor amendment. For this reason, further explained below, the Court should grant FEMA leave to amend.

**II.   Facts and procedural history**

Sudderth filed this suit against FEMA alleging insufficient payment of flood damages under his Standard Flood Insurance Policy (SFIP) after Hurricane Laura in August 2000 and Hurricane Ida in August 2021. Rec. Doc. 2.[1] Sudderth's property is located in Port Sulphur, Louisiana and is considered a repetitive loss. *Id*. at p. 4, ¶ 12 (citing "RL" policy number). He

---

[1] This case is not subject to CMO1 because it was filed months before the effective date of that order and alleges damages from Hurricane Laura in addition to Hurricane Ida. The parties did not opt-in to the streamlined settlement procedures of CMO1, though, as explained in this memorandum, they will seek a settlement conference or mediation to resolve this matter pre-trial as the Court's scheduling order requires.

seeks additional insurance proceeds for both building and contents losses from each storm. *Id*. at pp. 4–9.

Sudderth is a medical doctor with an active, unrestricted Louisiana license to practice medicine. *See* Ex. 2 at pp. 24–25 (Sudderth deposition transcript). He built out the lower floor of his Port Sulphur property as a general-practice medical clinic. *Id*. at pp. 26 & 40. Dr. Sudderth had seen some patients and reviewed medical records at the insured property. *Id*. at pp. 25–26. The disputed items in his contents claims include medical equipment, office supplies, and clinic furniture. *See* Ex. 3 at pp. 1–2 & 5 (FEMA letters summarizing contents disallowances). Sudderth had acquired and stored medical equipment through his decades of practice and various medical-equipment auctions. Ex. 2 at pp. 16 & 48–50.

After reviewing the claims files from these loss events, Sudderth's recent document production, and his sworn testimony, FEMA seeks leave to amend its original answer and affirmative defenses to assert just one additional defense – namely, that Sudderth's contents coverage under his SFIP is limited to just $2,500 for personal property used in any business. *See* Ex. 1 at ¶ 20 (proposed amended answer and affirmative defenses citing SFIP, Sect. III(B)(8)(e)). Sudderth opposes.

### III.   Argument

#### A.   Standard of review

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." This standard "evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981). The policy of the federal rules is to permit liberal amendment. *Id*. "A district court must possess a substantial reason to deny a request for leave to amend." *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).

Since the scheduling order's amendment deadline has passed, however, Rule 16(b)(4)'s considerations are also implicated. *See Gibson v. Ocean Shipholdings, Inc.*, No. 15-0662, 2015 WL 4645663, at *2 (E.D. La. Aug. 4, 2015). In determining whether good cause exists to amend after the scheduling order's deadline, courts consider four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *See Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546–47 (5th Cir. 2003).

B. **The Court should grant FEMA leave to amend.**

The balance, if not all, of Rule 15(a) and 16(b)'s factors favor leave to amend.

First, FEMA has sufficient good cause to amend. This case concerns claims for additional building and contents damages from two separate loss events – Hurricanes Laura and Ida. Rec. Doc. 2. FEMA's claims file for Hurricane Laura is over 2000 pages, while the Hurricane Ida file is nearly 500 pages. Sudderth has produced even more documentation to FEMA since filing this case. FEMA has exercised reasonable diligence in reviewing this voluminous documentation and seeking, where necessary, further clarification and discovery. Sudderth recently testified that his disputed contents from each storm supported a medical practice, which would constitute a business purpose. *See generally* Ex. 2. And based on that information, FEMA has sufficient cause to justify the assertion of the defense in the proposed amendment.

Second, FEMA's additional affirmative defense is unquestionably important because, if meritorious, it has the potential to limit Sudderth's recovery of damages at trial to a mere fraction of what he seeks for contents losses. *See Pogo Res., LLC v. St. Paul Fire & Marine Ins. Co.*, No. 19-2682, 2021 WL 1923301, at *6 (N.D. Tex. May 13, 2021) ("Courts deem amendments to be important where they . . . directly affect a party's prospects of ultimate recovery.") (cleaned up).

Third, Sudderth cannot credibly claim any prejudice by the amendment since FEMA is simply asserting the applicability of a term that's always been in his SFIP. *Cf. Richmond Printing, LLC v. Dir., FEMA,* 72 F. App'x 92, 98 (5th Cir. 2003) ("[T]he insured has a duty to read and understand the terms of its SFIP."). Further, discovery is still ongoing in this matter and trial is almost four months away. Rec. Doc. 13 (scheduling order).

Fourth, while it isn't necessary to consider the availability of a continuance in the absence of demonstrable prejudice, FEMA notes that this case is currently on its first trial setting and neither party has moved for a trial continuance. To the extent the Court finds the timing of FEMA's proposed amendment prejudicial, FEMA does not object to a curing trial continuance.

Finally, FEMA clarifies that it presently seeks this amendment to avoid a waiver under FED. R. CIV. P. 8(c)(1) *if* this matter doesn't amicably resolve. While this matter is not governed by CMO1 and the streamlined settlement procedures, *see* footnote 1 *supra*, the parties have been exchanging information, documentation, and, when necessary, discovery in a good-faith effort to posture this case for resolution consistent with the stated intent of CMO1.

## IV. Conclusion

For these reasons, the Court should grant FEMA leave to file its amended answer and affirmative defenses.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*Peter M. Mansfield*

PETER M. MANSFIELD (# 28671)
Assistant United States Attorney
Chief, Civil Division
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone: (504) 680-3047
Facsimile: (504) 680-3184
Peter.Mansfield@usdoj.gov