

F I Garcia Insurance Agency
3815 MACARTHUR BLVD STE 200
NEW ORLEANS, LA 70114-6867

**National Flood Insurance Program**
*U.S. Department of Homeland Security*
PO Box 913111
Denver, CO 80291



September 22, 2021

WARD SUDDERTH
2018 PRYTANIA ST
NEW ORLEANS, LA 70130

Policy Number:     RL10078946
Insured Name:      WARD SUDDERTH
Property Location: 2809 HERMITAGE RD
                   PORT SULPHUR, LA 70083-2264

Date of Loss:      8/28/2020

Dear WARD SUDDERTH :

|  | Building | Contents |
|---|---|---|
| Damage Actual Cost | $38,809.01 | $15,551.54 |
| Less Deductible | $10,000.00 | $10,000.00 |
| Net Claim Payable | $28,809.01 | $5,551.54 |

*Claim payment(s) are mailed separately.*

The adjuster confirmed a general condition of flooding caused damage to your insured property.  We received the adjuster's estimate and signed Proofs of Loss dated October 23, 2020 and December 31, 2020 in the amounts of $600,000.00 and $448,432.23. Upon review we found the Standard Flood Insurance Policy (SFIP) will not allow us to issue payment in the amount requested based upon the documentation provided and we reject your Proof of Loss.

The adjuster's estimate was revised by removing the allowances to clean the stud walls from the building estimate because this has not been confirmed as completed after your most recent prior loss of June 7, 2020 and removing the allowances for 1 credenza, 1 ink jet color printer, shower seat, 1 power exam table, ultra sound cassette recorder, GE dinamap procare patient rolling stand, power medical procedure chair, bipap ventilatory support system w/ rolling stand, electronsurgical unit, 2 Hil-Rom medical stretcher, Varifuge RF centrifuge, bath bench HD bariatric, AL patient walker, labo-fuge centrifuge, Hitachi Aloka ultrasound machine, Infant flow system, Ethicon pressure regulator, mobile step on trash can, medical air compressor, 2 Abbot analyzers, ultra lite suction machine, medical goose neck lamp, 3 trapezoidal stacking chairs, medical floor lamp, 2 sage oven, locrdal portable suction unit, Ivy biomedical monitor, Welch Allyn quik vital sign monitor, Welch Allyn propaq patient monitor, Bix Aspect index patient monitor, 7 monitors, 2 Schuco aspirator, Olympus insufflator, 3 ventilators, Hamilton bell centrifuge, CSI criticare turbo tempo, GE EKS machine, Fugitsu scanner, 3 Sklar rib contractor, Sklar dilator, 6 hemostatic clip applier, 4 Rochester –Ocshner forceps, 2 Hartmann homostat, 23 towel clamp, 6 bandage scissors, Blade scissors, 2 dissecting scissors, Uris scissors, 9 Metzenbaum scissors, 18 Sklar tissue forceps, 2 Miltex Allis tissue forceps, 107 needle holder, 5 Sklar hemostatic forceps, 95 Sklar dressing forceps, 2 Aklar bipolar forceps, 2 micro scissors, Miltex recession muscle forceps, 11 Halstead mosquito forceps, 2 Castoviejo suturing forceps, 8

EXHIBIT 3                                                                    FEMA001985

Adson tissue forceps, Resano type forceps, 3 Miltex Adson forceps, 13 Hartmann mosquito forceps, 5 Mueller Crile forceps, 255 bone screws, 39 tissue punch, 10 surgical burr, 69 retractor, 7 reusable curette excavator, 10 punch biopsy, LRI diamond knife, Karl laparascope, suction tube valve, 3 splinter forceps, 17 Sklar Piffard curette, 2 Circon ACMI obturator, 2 Circon ACMI laparoscope, 4 Rigid cystoscope system, rongeur, 2 suction tube, Pin cutter, Laryngeal mirror, 103 hemostat, 9 artery forceps, Solway fiberoptic laryngoscope, 12 aesculap ring malleable blades, Miltex sharp prongs, surgical knife blade, 9 merit crile forceps, 2 Centurian magill forceps, 2 AMO silver injector IOL and 4 Zimmer drill bit. These contents items were removed from the contents estimate because we have not received supporting documentation to verify actual costs of these items. We rescind our total rejection of your Proof of Loss and accept your claim for the revised amount of $34,360.55. In accordance with the requirements of your flood SFIP, the building payment includes any mortgages or loss payees determined to exist at the time of loss.

We are asking for additional documentation to support the contents items listed above damaged by this flood event. Until you provide supporting documentation your claim for these items is denied.

## VII. GENERAL CONDITIONS
### J. Requirements in Case of Loss

In case of a flood loss to insured property, you must:
1. Give prompt written notice to us;
2. As soon as reasonably possible, separate the damaged and undamaged property, putting it in the best possible order so that we may examine it;
3. Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, and related documents;
4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us the following information:

    a. The date and time of loss;
    b. A brief explanation of how the loss happened;
    c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
    d. Details of any other insurance that may cover the loss;
    e. Changes in title or occupancy of the covered property during term of policy;
    f. Specifications of damaged building and detailed repair estimates;
    g. Names of mortgages, or anyone else having a lien, charge, or claim against the covered property;
    h. Details about who occupied any insured building at the time of loss and for what purpose; and
    i. The inventory of damaged personal property described in J.3. above

### K. Our Options After a Loss

Options we may, in our sole discretion, exercise after loss include the following:
1. At such reasonable times and places that we may designate, you must:
    a. Show us or our representative the damaged property;
    b. Submit to examination under oath, while not in the presence of another insured; and sign the same; and
    c. Permit us to examine and make extract copies of:
       (1) Any policies of property insurance insuring you against loss and the deed establishing your ownership of the insured real property;
       (2) Condominium association documents including the Declarations of the condominium, its Articles of Association or Incorporation, Bylaws, rules and regulations, and other relevant documents if you are a unit owner in a condominium building; and
       (3) All books of accounts, bills, invoices and other vouchers, or certified copies pertaining to the damaged property if the originals are lost.

The adjuster reported that you suffered several prior loss with the most recent being June 7, 2020. After our review, it appears that the repairs and/or replacements to the screened porch doors, wood walls and millwork, kitchen doors, wood walls and millwork, reception doors, drywall and millwork, hallway doors, drywall and millwork, bathroom doors, drywall, millwork, vanity, and shower, exam room 1 doors, drywall and millwork, exam room 2 doors, drywall and millwork, exam room 3 doors, drywall and millwork, office doors, drywall, wood wall and millwork and exterior Insulation and painting have not been completed since the prior flood claim. Because of this, we must deny that portion of your claim.

The flood policy covers only direct physical damage by flood during the current policy term. It is a principle of insurance that any item damaged prior to the current loss, and not repaired or replaced prior to the current loss, cannot be further damaged by the current flood event. If you were paid to repair or replace any specific item in a prior flood, and if you did not repair or replace that item, then you have already been compensated for that item and cannot be compensated further. If you have any receipts or cancelled checks that show that you made and paid for the repairs after the prior loss above, please send those to us as they may help us in evaluating your claim.

FEMA001986

**VII. GENERAL CONDITIONS**

**K. Our Options After a Loss** . . .

*2. We may request, in writing, that you furnish us with a complete inventory of the lost, damaged, or destroyed property, including; . . .*

*e. Evidence that prior flood damage has been repaired.*

We recommend that you keep, in a safe place, out of reach from future flooding, all repair receipts and invoices documenting the completion of any building repairs and, if applicable, receipts showing the repair/replacement of your personal property.  Thus, in the event you are flooded again, the adjuster will be better able to verify that the building repairs were completed, and if applicable, the age, condition and value of the personal property.  This will greatly expedite the handling of any future flood claims.

By this letter we do not intend to waive or relinquish any of our rights, stated or not, under the SFIP. If you have any questions, have additional documentation for us to review, or need additional assistance, please contact your adjuster or our claims representative at (800) 767-4341.

To access the electronic copy of your SFIP form, please visit;

https://www.fema.gov/national-flood-insurance-program/standard-flood-insurance-policy-forms

Enclosure: Policyholder Rights

Sincerely,

Ashley Flanagan
Sr. Claims Examiner
NFIP Direct
Flood Claims Department

cc    F I Garcia Insurance Agency

FEMA001987

**National Flood Insurance Program**
*U.S. Department of Homeland Security*
PO Box 913111
Denver, CO 80291



F I Garcia Insurance Agency
3815 MACARTHUR BLVD STE 200
NEW ORLEANS, LA 70114-6867



May 20, 2022

WARD SUDDERTH
920 HUEY P LONG AVENUE
GRETNA, LA 70053

Policy Number:     RL10078946
Insured Name:      WARD SUDDERTH
Property Location: 2809 HERMITAGE RD
                   PORT SULPHUR, LA 70083-2264

Date of Loss:      8/29/2021

Dear WARD SUDDERTH :

Your covered flood claim breakdown:

|  | Building | Contents |
|---|---|---|
| Damage Actual Cost | $46,614.26 | $0.00 |
| Less Deductible | $10,000.00 | $10,000.00 |
| Less Prior Payments | $36,614.26 | $0.00 |
| Net Claim Payable | $0.00 | $0.00 |

*Please note: Claim payment(s) are mailed separately.*

The adjuster confirmed a general condition of flooding caused damage to your insured property. The flood damage covered by the Standard Flood Insurance Policy (SFIP) appears to be correctly detailed in the adjuster's estimate received April 15, 2022 from Colonial Claims Corporation. In accordance with the requirements of your flood policy, the building payment includes any mortgages or loss payees determined to exist at the time of loss.

We received a signed Proof of Loss dated 02/20/2022 in the amount of $590,000.00. The Standard Flood Insurance Policy (SFIP) will not allow us to issue additional payment without first providing our office with copies of paid bills and receipts, or cancelled checks, to show the cost, and the kind and quality, of completed repairs made to covered flood damage contents. Because you have not sent us copies of documents showing your actual cost to repair or replace the flood-damaged items, or proof of the items being replaced from the prior losses, the SFIP requires us to reject your signed proof of loss.  If you still wish to pursue an additional claim payment please send us a signed Proof of Loss along with copies of documents showing the cost of actual flood repairs to include the receipts from the prior loss repairs for the contents claimed, and we will re-evaluate your claim. Please review the following policy excerpts:

VII. GENERAL CONDITIONS…

V. Loss Settlement  . . .

a. We will pay to repair or replace the damaged dwelling after application of the deductible and without

FEMA004019

> *deduction for depreciation, but not more than the least of the following amounts:*
> *(1) The building limit of liability shown on your Declarations Page;*
> *(2) The replacement cost of that part of the dwelling damaged, with materials of like kind and quality, and for like use; or*
> *(3) The necessary amount actually spent to repair or replace the damaged part of the dwelling for like use.*

The insured property suffered prior flood losses and appears that the wood/metal chairs, metal and wood horizontal and vertical filing cabinets, computer printers, wooden desks, computers, keyboards and monitors, telephone system, crutches, sterilization trays, scale, metal trash cans, Bard Site Ultrasound machine, IV poles, patient rolling monitors, defibrillation machines, large copiers/scanners, bladder scanner, light sources, microscopes, surgical battery charges, centrifuges, rolling stools were damaged in the prior claim and have not been repaired or replaced since the prior loss. We are unable to pay you for the same damages again under the current loss and must deny this portion of your claim.

The flood policy covers only direct physical damage by flood during the current policy term. It is a principle of insurance that any item damaged prior to the current loss, and not repaired or replaced prior to the current loss, cannot be further damaged by the current flood event. If you were paid to repair or replace any specific item in a prior flood, and if you did not repair or replace that item, then you have already been compensated for that item and cannot be compensated further. If you have any receipts or cancelled checks that show that you made and paid for the repairs after the prior loss above, please send those to us as they may help us in evaluating your claim.

**VII. GENERAL CONDITIONS**
**K. Our Options After a Loss** . . .
*2. We may request, in writing, that you furnish us with a complete inventory of the lost, damaged, or destroyed property, including; . . .*
*e. Evidence that prior flood damage has been repaired.*

We recommend that you keep, in a safe place, out of reach from future flooding, all repair receipts and invoices documenting the completion of any building repairs and, if applicable, receipts showing the repair/replacement of your personal property. Thus, in the event you are flooded again, the adjuster will be better able to verify that the building repairs were completed, and if applicable, the age, condition and value of the personal property. This will greatly expedite the handling of any future flood claims.

By this letter we do not intend to waive or relinquish any of our rights, stated or not, under the SFIP. If you have any questions, have additional documentation for us to review, or need additional assistance, please contact your adjuster or our claims representative at (800) 767-4341.


To access the electronic copy of your SFIP form, please visit;
https://www.fema.gov/national-flood-insurance-program/standard-flood-insurance-policy-forms

Enclosure: Policyholder Rights

Sincerely,

Greg Huffman
Claims Examiner
NFIP Direct
Flood Claims Department

cc    F I Garcia Insurance Agency