## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **E. WARD SUDDERTH, MD** | * | **CASE NO. 22-1358** |
| **vs.** | * | **SECT. H(5)** |
| **NATIONAL FLOOD INSURANCE PROGRAM, ET AL.** | * | **JUDGE MILAZZO** |
| | * | **MAG. NORTH** |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

### I.      Introduction and summary of the argument

**MAY IT PLEASE THE COURT:** Plaintiff, E. Ward Sudderth, filed a motion for summary judgment in this flood-insurance dispute after the scheduling-order deadline. The Court hasn't granted him leave to do so, and no good cause exists for the untimely filing. Even if the Court reaches the merits, the record contains numerous genuine disputes of material fact. For these reasons, as further explained below, the Court should deny Sudderth's motion.

### II.     Facts and procedural history

Sudderth filed this suit against FEMA alleging insufficient payment of flood damages under his Standard Flood Insurance Policy (SFIP) after Hurricane Laura in August 2000 and Hurricane Ida in August 2021. Rec. Doc. 2.[1] Sudderth's property is located in Port Sulphur, Louisiana and is considered a repetitive loss. *Id*. at p. 4, ¶ 12 (citing "RL" policy number). He

---

[1]      This case is not subject to CMO1 because it was filed months before the effective date of that order and alleges damages from Hurricane Laura in addition to Hurricane Ida. The parties did not opt-into the streamlined settlement procedures of CMO1, but have set a settlement conference with the assigned magistrate judge in accordance with the Court's scheduling order.

seeks additional insurance proceeds for both building and contents losses from each storm. *Id*. at pp. 4–9.

After a scheduling conference with the parties, the Court adopted a scheduling order under FED. R. CIV. P. 16 setting various pre-trial deadlines. Rec. Doc. 13. That order set a May 9, 2023 filing deadline for dispositive motions, to be set for submission no later than May 24, 2023. *Id*. at p. 3. The Court's order also stated that "[d]eadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause." *Id*. at p. 4. The Court extended the expert-reporting and discovery deadlines after a joint motion from the parties, but didn't extend the motion-filing deadline. Rec. Doc. 16.

On May 17, Sudderth filed a motion for summary judgment, which is set for submission on June 7. Rec. Doc. 23. Sudderth didn't move to extend the motion-filing deadline or for leave to file an untimely dispositive motion. *Id*. The parties are scheduled for a mandatory settlement conference on June 15. Rec. Doc. 22.

## III. Argument

### A. Standard of review

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56. A genuine dispute of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the nonmovant and draws all reasonable inferences in its favor.

*Coleman v. Houston Indep. Sch. Dist.,* 113 F.3d 528 (5th Cir. 1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake,* 47 F.3d 1459, 1462 (5th Cir. 1995). Summary judgment is appropriate if the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force,* 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

**B.      The Court should deny Sudderth's untimely motion.**

As noted *supra*, Sect. II, Sudderth's motion for summary judgment is untimely under the Court's scheduling order. Sudderth's motion fails to establish any good cause under FED. R. CIV. P. 16(b)(4) for the untimely filing. The Fifth Circuit gives the trial courts "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (citation omitted). Likewise, "[d]istrict judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997). In the absence of any good-cause explanation for Sudderth's untimely filing, the Court should deny his motion for summary judgment.

**C.   The record contains genuine disputes of material fact on Sudderth's entitlement to relief.**

Assuming for the sake of argument that the Court reaches the merits of Sudderth's motion, it fails to establish the absence of any genuine disputes of material fact under FED. R. CIV. P. 56(a). Sudderth seeks "summary judgment for damages and/or losses" under his SFIP for building and contents claims for both Hurricanes Laura and Ida, Rec. Doc. 23-1 at p. 10, but his attached exhibits demonstrate the existence of genuine disputes of material fact impacting each claim. A summary table of these genuine disputes on each claim follows:

| <u>Claim</u> | **FEMA originally paid** | **Sudderth seeks** | **FEMA's litigation report** |
|---|---|---|---|
| **Laura Building** | $28,809 (Ex. 1 at p. 3, authenticating declaration and claim summary) | $105,169 (Rec. Doc. 23-14 at p. 3) | $77,267 (Rec. Doc. 23-15 at p. 2) |
| **Laura Contents** | $5,552 (Rec. Doc. 23-8 at p. 1) | $547,278 (Rec. Doc. 23-13 at p. 1) | $125,835 (Rec. Doc. 23-12 at p. 3) |
| **Ida Building** | $36,614 (Rec. Doc. 23-9 at p. 1) | $53,386 (Ex. 2 at p. 6, Sudderth discovery responses) | $146,828 (Rec. Doc. 23-15 at p. 2) |
| **Ida Contents** | $0 (Ex. 1 at p. 6) | $411,788 (Rec. Doc. 23-13 at p. 1) | $151,175 (Rec. Doc. 23-18 at p. 3) |

Closer examination of the claim documents reveals further genuine disputes. For instance, some of Sudderth's building claim from Hurricane Laura was disallowed because it was unclear whether the damage had been repaired after a prior flood event on June 7, 2020, just a few months prior to Hurricane Laura. Ex. 1 at p. 3. And on the Hurricane Laura contents claim, FEMA disallowed many items because Sudderth failed to supply "supporting documentation to verify actual costs of these items" as his SFIP required. *Id*. at p. 4; *see also* General Property SFIP at Sect. VII(H)(1)(c), (H)(2) (NFIP, GENERAL PROPERTY SFIP (October 2021),

https://www.fema.gov/sites/default/files/documents/fema_F-123-general-property-SFIP_2021.pdf).

Sudderth has not produced a public adjuster's report to justify his claim for additional building damages for Hurricane Ida. While Sudderth did secure a rebuttal expert appraisal for his Hurricane Ida contents claim, his own summary-judgment submissions reflect a $260,000 difference from FEMA's own expert appraisal. *Compare* Rec. Docs. 23-12 & 23-18 (FEMA reports), *with* Rec. Doc. 23-13 (Sudderth report). This is an obvious and genuine dispute of material fact.

The resolve these disputes, the Court will need to weigh competing pieces of evidence, assess the credibility of each party's witnesses, and resolve genuine disputes on the extent of Sudderth's insured damages and proper valuation thereof. It is well-settled that these tasks are inappropriate on a motion for summary judgment. *See*, *e.g.*, *Aubrey v. Sch. Bd. of Lafayette Par.*, 92 F.3d 316, 318 (5th Cir. 1996) (court should not weigh evidence); *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (court should not assess credibility); *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir. 1980) (court should not resolve factual disputes).

**IV.   Conclusion**

For these reasons, the Court should deny Sudderth's motion for summary judgment.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*Peter M. Mansfield*

PETER M. MANSFIELD (# 28671)
Assistant United States Attorney
Chief, Civil Division
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone: (504) 680-3047
Facsimile: (504) 680-3184
Peter.Mansfield@usdoj.gov