UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| E. WARD SUDDERTH, MD | * | CASE NO. 22-1358 |
| vs. | * | SECT. H(5) |
| NATIONAL FLOOD INSURANCE PROGRAM, ET AL. | * | JUDGE MILAZZO |
| | * | MAG. NORTH |

**DEFENDANTS' LR 56.2 STATEMENT OF CONTESTED FACTS**

Response to Sudderth's statement of uncontested facts

1. Uncontested.

2. Contested. Dr. Sudderth built a medical office, but did not maintain a medical practice treating patients at that location. *See* Ex. 3 at pp. 29–31 (Sudderth deposition transcript).

3. Uncontested.

4. Uncontested.

5. Contested. Sudderth's SFIP only covered "direct physical loss by or from flood" to his covered building and contents, the extent and valuation of which are genuinely disputed. General Property SFIP at Sect. III(A) & (B)(1) (NFIP, GENERAL PROPERTY SFIP (October 2021), https://www.fema.gov/sites/default/files/documents/fema_F-123-general-property-SFIP_2021.pdf).

6. Uncontested that FEMA did not pay the full amount claimed on Sudderth's proofs of loss for Hurricanes Laura and Ida. Contested that Sudderth was entitled to those claimed amounts under his SFIP.

7.  Sudderth hasn't produced any evidence establishing this fact. In any event, his alleged flood losses in a 2012 event are immaterial to the present case.

8.  Sudderth hasn't produced any evidence establishing this fact. In any event, his alleged flood losses in a 2017 event are immaterial to the present case.

9.  Sudderth hasn't produced any evidence establishing this fact. In any event, his alleged flood losses in a 2018 event are immaterial to the present case.

10. Uncontested that Sudderth was paid these amounts, but the loss event was on July 14, 2019.

11. Uncontested.

12. Contested. Sudderth hasn't produced or cited to any evidence support this alleged uncontested material fact.

13. Uncontested.

14. Uncontested.

15. Uncontested.

16. Uncontested.

17. Uncontested that Sudderth filed proofs of loss in those amounts. Contested that these proofs of loss met all of the requirements of Sudderth's SFIP. *See* General Property SFIP (NFIP, GENERAL PROPERTY SFIP (October 2021), https://www.fema.gov/sites/default/files/documents/fema_F-123-general-property-SFIP_2021.pdf).

18. Uncontested.

19. Uncontested.

20. Uncontested.

21. Uncontested for Hurricane Laura.

22. Uncontested that the cited figure appears in Colonial Claims' initial adjustment of Sudderth's Hurricane Laura claim. Contested that Colonial Claims conducted a full ACV appraisal of Sudderth's contents claim for Hurricane Laura.

23. Uncontested.

24. Uncontested.

25. Uncontested.

26. Uncontested.

27. Uncontested.

28. Uncontested.

29. Contested. The amount of Sudderth's recovery on his building and contents claims for Hurricane Laura is genuinely disputed. *See* Rec. Doc. 23-15 at p. 2 (Crawford report); Rec. Doc. 23-12 at p. 3 (Revpro report); Ex. 1 at pp. 3–5 (disallowance letter).

30. Uncontested.

31. Uncontested.

32. Contested. Sudderth's SFIP only covered "direct physical loss by or from flood" to his covered building and contents, the extent and valuation of which are genuinely disputed. General Property SFIP at Sect. III(A) & (B)(1) (NFIP, GENERAL PROPERTY SFIP (October 2021), https://www.fema.gov/sites/default/files/documents/fema_F-123-general-property-SFIP_2021.pdf).

33. Uncontested.

34. Uncontested.

35. Contested. Sudderth hasn't produced or cited to any evidence support this alleged uncontested material fact.

36. Uncontested.

37. Uncontested.

38. Uncontested.

39. Uncontested that Sudderth secured an appraisal report for Hurricane Ida contents in that amount. Contested that the report was from Blue Chip Assets. Rec. Doc. 23-13 at p. 1.

40. Uncontested.

41. Uncontested.

42. Uncontested.

43. Uncontested as to the structural losses only. The amount of Sudderth's recovery on his contents claim for Hurricane Ida is genuinely disputed. *See* Rec. Doc. 23-13 at p. 1; Rec. Doc. 23-18 at p. 3.

## FEMA's statement of contested material facts

44. Whether Sudderth repaired all of his building damage from the June 7, 2020 flood event before Hurricane Laura on August 28, 2020. Ex. 1 at pp. 3–5.

45. Whether the cost to repair the damage to Sudderth's covered buildings after Hurricane Laura was $28,809 (FEMA's first estimate), $77.267 (FEMA's second estimate), or $105,169 (Sudderth's estimate). Ex. 1 at p. 3; Rec. Doc. 23-14 at p. 3; Rec. Doc. 23-15 at p. 2.

46. Whether Sudderth complied with the requirement of his SFIP to supply "supporting documentation to verify actual costs of these items" on his contents claim for Hurricane Laura. Ex. 1 at p. 4; *see also* General Property SFIP at Sect. VII(H)(1)(c), (H)(2) (NFIP, GENERAL PROPERTY SFIP (October 2021), https://www.fema.gov/sites/default/files/documents/fema_F-123-general-property-SFIP_2021.pdf).

47.     Whether the ACV of Sudderth's damaged contents from Hurricane Laura is $125,835 (FEMA estimate) or $547,278 (Sudderth estimate). Rec. Doc. 23-12 at p. 3; Rec. Doc. 23-13 at p. 1.

48.     Whether the cost to repair the damage to Sudderth's covered buildings after Hurricane Ida was $36,614 (FEMA's first estimate), $53,386 (Sudderth's demand), or $146,828 (FEMA's second estimate). Ex. 1 at p. 6; Rec. Doc. 23-9 at p. 1; Rec. Doc. 23-15 at p. 2.

49.     Whether Sudderth complied with the requirement of his SFIP to supply "supporting documentation to verify actual costs of these items" on his contents claim for Hurricane Ida. *See* General Property SFIP at Sect. VII(H)(1)(c), (H)(2) (NFIP, GENERAL PROPERTY SFIP (October 2021), https://www.fema.gov/sites/default/files/documents/fema_F-123-general-property-SFIP_2021.pdf).

50.     Whether the ACV of Sudderth's damaged contents from Hurricane Ida is $151,175 (FEMA's estimate) or $411,788 (Sudderth's estimate). Rec. Doc. 23-18 at p. 3; Rec. Doc. 23-13 at p. 1.

          Respectfully submitted,

          DUANE A. EVANS
          UNITED STATES ATTORNEY

          *Peter M. Mansfield*
          PETER M. MANSFIELD (# 28671)
          Assistant United States Attorney
          Chief, Civil Division
          650 Poydras Street, Suite 1600
          New Orleans, Louisiana  70130
          Telephone: (504) 680-3047
          Facsimile: (504) 680-3184
          Peter.Mansfield@usdoj.gov